IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:05CV23-H

| | |
|---|---|
| WILLEM VAN SCHALKWYK, on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>vs.<br><br>KOMORI-CHAMBON USA, INC., KOMORI-CHAMBON SA, INC., KOMORI-CHAMBON, SA, and CONCHA BECKER, in her individual capacity,<br><br>Defendants. | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on the Defendants' "Motion to Compel Discovery [including argument]" (document #14) filed January 20, 2006; and the Plaintiffs' "Declaration ... in Opposition ..." (document #15) filed January 27, 2006. On January 30, 2006, the Defendants filed their "Reply ..." (document #16).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendants' motion, as discussed below.

**I. FACTUAL AND PROCEDURAL HISTORY**

This is action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et. seq.</u> ("FLSA"), seeking to recover unpaid overtime wages. On January 19, 2005, the named Plaintiff,

Willem van Schalkwyk, filed a Complaint on his own behalf and on behalf of all other similarly situated employees or former employees of the corporate Defendants, Komori-Chambon USA, Inc., Komori-Chambon SA, Inc., and Komori-Chambon, SA ("Komori"). The individual Defendant, Concha Becker, is a Komori manager who allegedly made the wage and overtime payment decisions that are the subject of the lawsuit.

On February 24, 2005, a former Komori employee, Gerald W. Horne, through counsel, filed a "Consent to Become a Party Plaintiff," and to date, Mr. van Schalkwyk and Mr. Horne are the only Plaintiffs in this action.

Relevant to the subject Motion, it is undisputed that the Plaintiffs base their claim, at least in part, on time sheets that they "self-reported," that is, for time spent on business trips or other work hours spent away from their supervisors and/or regular work stations. The Defendants contend that upon conducting a "detailed review" of the Plaintiffs' time sheets and expense reports, defense counsel discovered "discrepancies and inaccuracies" as to both time worked and expenses claimed for business trips. Specifically, a comparison of time records and expense reports allegedly revealed that the Plaintiffs were "not working on days [they] claimed to have worked ... not traveling on days [they] claimed to have traveled, and ... not in the location[s] where [they] reported themselves to be." Document #14 at 2. The Defendants further contend that "numerous" expense reports were submitted without hotel bills or receipts, credit card receipts or statements, or other supporting documentation, and that where credit card receipts had been submitted in support of any expense report, the Plaintiffs had redacted the dates.

On March 2, 2005, the Defendants filed a Counterclaim for fraud. Additionally, the Defendants included in their "First Set[s] of Interrogatories and First Request[s] for Production of

Documents" (served separately on each Plaintiff through counsel on June 9, 2005), Interrogatory Number Seven and Requests to Produce Numbers Four and Five, which in the aggregate seek the identification of the credit cards that the Plaintiffs used to pay expenses while on business trips, and production of unredacted credit card statements for the time periods in question.

On August 19, 2005, the Plaintiffs served their responses to the Defendants' discovery requests, but refused to produce the requested credit card information and statements.

The parties' counsel made repeated attempts to resolve this discovery dispute informally but were unsuccessful.

On January 20, 2006, the Defendants filed their Motion to Compel.

In their response brief, the Plaintiffs object to producing the requested credit information and statements because they allegedly have "limited value ... [and] do not necessarily show where a purchase was made nor the exact date and time of a purchase." Document #15 at 7.

The Defendants' Motion has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441

U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying these principles to the claims and facts in this case, the Defendants are entitled to responses to the discovery requests which are the subject of their Motion. The Defendants' requests for identification and production of credit card statements are "reasonably calculated to lead to the discovery of" whether the Plaintiffs were in the locations on the dates that they reported in their time sheets and expense reports, evidence clearly admissible as to both the Plaintiffs' FLSA claim and the Defendants' Counterclaim. Accordingly, the undersigned will compel the Plaintiffs to serve complete supplemental responses to those discovery requests.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Defendants' "Motion to Compel Discovery" (document #14) is **GRANTED**, that is, on or before March 1, 2006, the Plaintiffs shall serve complete, verified supplemental responses to Interrogatory Number Seven and Requests to Produce Numbers Four and Five contained in the

4

Defendants' "First Set[s] of Interrogatories and First Request[s] for Production of Documents."

2. The parties each shall bear their own costs incurred concerning this Motion.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: February 1, 2006

Carl Horn, III
United States Magistrate Judge